[662 NYS2d 126]

In the Matter of DENNIS J. POTTINGER, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 28, 1997

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(David C.Y. Cheung* of counsel), for petitioner.

*Dennis J. Pottinger,* Jamaica, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was served with a petition containing 18 charges of professional misconduct. After a hearing, at which the respondent appeared *pro se,* the Special Referee sustained all of the charges, with the exception of Charge Sixteen. The Grievance Committee now moves to confirm so much of the Special Referee's report as sustained Charges One through Fifteen, Charge Seventeen and Charge Eighteen, and to disaffirm so much of the Special Referee's report as failed to sustain Charge Sixteen. The respondent has submitted a belated cross motion to disaffirm the findings of the Special Referee.

The 18 charges of the petition are predicated on the following factual allegations.

On October 15, 1992, the respondent opened an IOLA account at Chase Manhattan Bank. On or about November 19 and November 20, 1992, he represented Richard Bailey, the seller, in a real estate closing. At the closing, the respondent was entrusted with a $75,000 check from the Long Island Savings Bank, payable to the respondent as attorney, which was to be used, in part, to satisfy two mortgages on behalf of Richard Bailey. The respondent failed to deposit those funds into his escrow account.

In connection with the Bailey closing, the respondent drew a check on his IOLA account in the sum of $36,070.04, payable to Cenlar Federal Savings Bank, in satisfaction of one of the Bailey mortgages. On December 4, 1992, some two weeks later, that check was dishonored for insufficient funds. On March 25, 1993, the title insurers satisfied the mortgage held by Cenlar Federal Savings Bank.

On or about November 23, 1992, the respondent represented Hanna and Keri Douglas, the purchasers in a real estate closing in which Gladys Lafortune was the seller. The Douglas transaction was separate from and unrelated to the Bailey closing. During the Douglas closing, on or about November 23, 1992, the respondent endorsed to the Greenpoint Savings Bank the $75,000 check with which the respondent had been entrusted at the Bailey closing. The respondent exchanged the $75,000 check from the Bailey closing for approximately $25,594 in cash from the Douglases and a $49,406 check from

the Greenpoint Savings Bank. The respondent failed to deposit the aforementioned cash into an attorney escrow account.

On or about November 23, 1992, acting on behalf of the Douglases, the respondent drew a $10,000 check on his IOLA account payable to Thomas Panebianco, Esq., as attorney for Gladys Lafortune. That represented a portion of the purchase price. The respondent drew that check without a corresponding deposit into his IOLA account. That check was dishonored by the bank on December 29, 1992. On January 4, 1993, the respondent's check was dishonored upon redeposit.

On January 13, 1993, the respondent certified a $10,000 check drawn on his IOLA account as a replacement for the dishonored check. The replacement check was certified without a corresponding deposit into his IOLA account. Consequently, that check was paid with funds on deposit on behalf of another client, Hope Chong, in an unrelated matter.

On or about January 25, 1993, the respondent drew a $10,000 check on his IOLA account payable to the order of Hope Chong. That check was paid on January 26, 1993, with funds on deposit on behalf of the respondent's other clients.

Pursuant to a contingent fee arrangement with Virginia Richardson, the respondent was entitled to one third of any settlement obtained on Ms. Richardson's behalf. On December 24, 1992, the respondent deposited into his IOLA account a $6,500 check which he had received in settlement of Ms. Richardson's claim. On that date, the respondent drew a $4,500 check on his IOLA account payable to himself, which purportedly represented his fee and reimbursement of expenses in the Richardson matter. That check was cashed by the respondent against other escrow funds. On January 11, 1993, the respondent drew a $4,333.55 check to the order of Virginia Richardson, purportedly representing two thirds of the settlement. That check was returned on January 15, 1993, due to insufficient funds. The respondent drew said check with knowledge that his IOLA account lacked sufficient funds on deposit to satisfy the face amount.

On or about January 27, 1993, the respondent drew a $4,333.55 replacement check on his IOLA account on behalf of Virginia Richardson. The replacement check was paid on January 29, 1993, from fees pertaining to other matters on deposit in the respondent's IOLA account.

The respondent failed to file a retainer or closing statement with the Office of Court Administration, as required by 22 NYCRR 691.20, in connection with the Richardson matter.

The respondent was retained to represent Sean Thompson in an eviction proceeding. In or about May 1993, Mr. Thompson entrusted respondent with $1,500 to pay his landlord. The respondent failed to safeguard those funds by depositing them in an attorney escrow account.

Charges One, Two and Three emanate from the Bailey closing.

Charge One alleged that the respondent failed to deposit into his IOLA account funds belonging to another person incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (B) (1) (22 NYCRR 1200.46 [b] [1]).

Charge Two alleged that the respondent failed to promptly pay or deliver to a third person property in his possession which the third person was entitled to receive, in violation of Code of Professional Responsibility DR 9-102 (C) (4) (22 NYCRR 1200.46 [c] [4]).

Charge Three alleged that the respondent engaged in conduct which reflects adversely on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charges Four through Ten emanate from the Douglas closing.

Charge Four alleged that the respondent has converted client funds in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

Charge Five alleged that the respondent has engaged in conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charge Six alleged that the respondent failed to deposit into his IOLA account funds belonging to another person incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (B) (1) (22 NYCRR 1200.46 [b] [1]).

Charge Seven alleged that the respondent has engaged in conduct which reflects adversely on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charge Eight alleged that the respondent converted client funds, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

Charge Nine alleged that the respondent engaged in conduct which reflects adversely on his fitness to practice law, in viola-

tion of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charge Ten alleged that the respondent converted client funds, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

Charges Eleven through Seventeen emanate from the Virginia Richardson personal injury matter.

Charge Eleven alleged that the respondent converted client funds, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

Charge Twelve alleged that the respondent converted client funds, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

Charge Thirteen alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Fourteen alleged that the respondent engaged in conduct which reflects adversely on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charge Fifteen alleged that the respondent commingled personal funds with client funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]).

Charge Sixteen alleged that the respondent engaged in conduct which reflects adversely on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charges Seventeen and Eighteen emanate from the respondent's representation of Sean Thompson in an eviction proceeding.

Charge Seventeen alleged that the respondent failed to deposit into his IOLA account funds belonging to another person incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (B) (1) (22 NYCRR 1200.46 [b] [1]).

Charge Eighteen alleged that the respondent engaged in conduct which adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Based on the respondent's admissions and the evidence adduced, we find that all 18 charges should be sustained. Accord-

ingly, the Grievance Committee's motion to confirm in part and disaffirm in part the report of the Special Referee is granted. The Special Referee failed to sustain Charge Sixteen finding that the respondent was unaware of the filing requirements inasmuch as negligence law constituted only a minor part of his practice. However, ignorance of the Court Rules is no defense to a charge of noncompliance. Charge Sixteen should have been sustained.

In determining an appropriate measure of discipline to impose, we note that the respondent is currently under a three-year suspension based on a prior unrelated disciplinary proceeding which involved, *inter alia,* conversion. Under the totality of circumstances, the respondent is disbarred.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and O'BRIEN, JJ., concur.

Ordered that the petitioner's motion to confirm so much of the Special Referee's report as sustained Charges One through Fifteen, Seventeen and Eighteen and to disaffirm so much of the same report as failed to sustain Charge Sixteen is granted, and the cross motion is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Dennis J. Pottinger, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Dennis J. Pottinger is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.